IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDELARIO GONZALEZ and SABINO GONZALEZ, *on behalf of themselves and others similarly situated*, | )<br>)<br>)<br>) |
| | ) Case No. 16-cv-11078 |
| Plaintiffs, | )<br>) Honorable Judge |
| v. | )<br>) |
| SCHOLLMEYER LANDSCAPING, INC., and COREY SCHOLLMEYER, | )<br>)<br>) |
| Defendants. | ) **JURY DEMAND** |

## COMPLAINT

Plaintiffs, as a Complaint against Defendants, allege the following:

## NATURE OF THE CASE

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and the Illinois Prevailing Wage Act.

2. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/9, and Illinois Prevailing Wage Act ("IPWA"), 820 ILCS 130/11, on behalf of a class of landscape and landscape construction workers represented by named Plaintiffs Candelario Gonzalez and Sabino Gonzalez.

3. In violation of the FLSA, Defendants failed to pay Plaintiffs and other similarly situated workers overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiffs and similarly situated workers at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Further, Defendants violated the IWPCA by taking unauthorized deductions from employees' wages for uniform costs without obtaining written authorization at the time the deductions were made. Finally, Defendants violated the IPWA by failing to pay employees at the established prevailing wage rate for public work performed and instead paying employees at a lower rate of pay for such public works.

4. As a remedy for Defendants' acts, Plaintiffs seek relief, on behalf of themselves and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, pre and post-judgment interest, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiffs' FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

**PARTIES**

8. Plaintiffs Candelario Gonzalez and Sabino Gonzalez are individuals residing in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2; and "laborers" for Defendants within the meaning of 820 ILCS 130/2. Plaintiffs have signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

9. Defendant Schollmeyer Landscaping, Inc. ("Schollmeyer"), is an Illinois corporation with a principal place of business in Big Rock, Illinois. Defendant Schollmeyer offers various landscape maintenance, landscape construction, and snow removal services.

10. Defendant Schollmeyer is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant Schollmeyer was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2; and a "contractor" or "subcontractor" within the meaning of the IPWA, 820 ILCS 130/0.01 et seq.

12. Defendant Corey Schollmeyer is the owner of Schollmeyer and is responsible for oversight of its business operations. At all times relevant herein, Defendant Corey Schollmeyer was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2; and a "contractor" or "subcontractor" within the meaning of the IPWA, 820 ILCS 130/0.01 et seq.

13. Defendants Schollmeyer and Corey Schollmeyer jointly employed Plaintiffs and similarly situated workers within the meaning of the FLSA, the IMWL, and the IWPCA and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

14. During the 3-year period prior to the filing of this Complaint, Plaintiffs and similarly situated persons worked for Defendants.

15. At all times relevant, Plaintiffs and similarly situated workers were required to report each workday to the Defendants' headquarters.

16. At all times relevant, Plaintiffs and similarly situated workers were assigned work on landscaping and maintenance projects for Defendants which included both general landscaping labor and landscaping construction projects.

17. At all relevant times, and on a customary and regular basis, Plaintiffs and similarly situated employees worked in excess of 40 hours in a workweek.

18. At all times relevant, Defendants failed to pay Plaintiffs and similarly situated workers overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

19. The means Defendants employed to deprive Plaintiffs and other employees of all earned wages included, on information and belief, failing to pay for time spent working before their shifts, during unpaid meal breaks, and for at least some of their time spent traveling in company vehicles; as well as failing to pay them at their overtime rate of pay for hours worked on Saturdays.

20. Furthermore, Plaintiffs and other employees worked on public works jobs, as the term is defined in the IPWA, on a customary and regular basis; and Defendants deprived Plaintiffs and others similarly situated of their earned wages by paying them less than the general prevailing hourly wage rate for work of a similar character in the locality in which the work was performed.

21. In 2015, Plaintiffs, and on information and belief, similarly situated workers, were subjected to payroll deductions for uniform costs, even though they did not provide contemporaneous written authorization for such deductions.

22. At all times relevant, Plaintiffs worked with others similarly situated. On information and belief, the potential collective action and class action of similarly situated employees includes 20 to 40 laborers who suffered the same or similar violations as those described above.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

24. The FLSA Class, of which Plaintiffs are members, and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All landscaping laborers employed by Schollmeyer Landscaping, Inc. and Corey Schollmeyer to perform landscaping maintenance, landscaping construction, or other landscaping work at any time from December 2013 through the present.

25. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of at least 20 persons.

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring Count II, Count III, and Count IV of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of themselves and other members of the Rule 23 Class defined as:

> All landscaping laborers employed by Schollmeyer Landscaping, Inc. and Corey Schollmeyer to perform landscaping maintenance, landscaping construction, or other landscaping work at any time from December 2013 through the present.

28. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Class, but upon information and belief, aver that it consists of at least 30 persons and that most do not speak English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

29. There are questions of law or fact common to the Class, including but not limited to the following:

> a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiffs and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

6

  b. whether Defendants violated 820 ILCS 115/9 by taking unlawful deductions from named Plaintiffs' and other Class members' pay for uniform costs without obtaining signed authorization at the time the deductions were made;

  c. whether Defendant Corey Schollmeyer was an "employer" of Plaintiffs and other Class members pursuant to the IMWL and IWPCA; and a "contractor" or "subcontractor" pursuant to the IPWA; and

  d. whether Defendants violated 820 ILCS 130/11 by failing to pay Plaintiffs and other class members the applicable general prevailing hourly wage rate for public work duties performed.

  30. The claims of Plaintiffs are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

  31. Plaintiffs will fairly and adequately protect the interests of the Class. Their interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

  32. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

  33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast, certification of the claims in Counts II and III pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

## COUNT ONE
## OVERTIME, FAIR LABOR STANDARDS ACT
## ALL DEFENDANTS -- COLLECTIVE ACTION

34. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

35. Defendants' practice and policy of not paying Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

36. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

37. Defendants' violations of 29 U.S.C. § 207 were willful.

38. Defendants jointly employed Plaintiffs and similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT TWO
## OVERTIME, ILLINOIS MINIMUM WAGE LAW
## ALL DEFENDANTS -- CLASS ACTION

39. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

40. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

41. Defendants' practice and policy of not paying Plaintiffs and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

42. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiffs and other members of the Illinois Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

43. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## COUNT THREE
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## ALL DEFENDANTS – CLASS ACTION

44. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

45. The IWPCA, at 820 ILCS 115/9, provides that " deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made."

46. Defendants' practice and policy of taking uniform deductions from Plaintiff's and other Class members' pay without obtaining contemporaneous written authorization violated 820 ILCS 115/9.

47. As a result of Defendants' violation of 820 ILCS 115/9, Plaintiffs and other members of the Class have been damaged in that their wages have been reduced as a result of unauthorized deductions pursuant to 820 ILCS 115/9.

48. Defendants jointly employed Plaintiffs and other members of the Class pursuant to the IWPCA and are jointly and severally liable for the IWPCA violations.

## COUNT FOUR
### PREVAILING WAGE RATE, ILLINOIS PREVAILING WAGE ACT
### ALL DEFENDANTS -- CLASS ACTION

49. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

50. Defendants constitute a "contractor" or "subcontractor" within the meaning of the IPWA in that Defendants were supported by funds made available by or through the state for projects requiring landscape construction and maintenance projects throughout the state of Illinois; and as contractors or subcontractors under the IPWA, Defendants are liable for violations of the Act.

51. Defendants deprived Plaintiffs and others similarly situated of their earned wages by paying them less than the general prevailing hourly wage rate for work of a similar character in the locality in which the work was performed.

52. Defendants jointly employed Plaintiffs and other members of the Class pursuant to the IPWA and are jointly and severally liable for the IPWA violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) for pursuit of the claims asserted in Count I;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" in to this litigation by filing written consent to sue;

C.      Award Plaintiffs and similarly situated workers who file written consent to sue their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D.      Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted in Counts II, III, and IV;

E.      Award Plaintiffs and the Class actual damages for unpaid overtime compensation, unauthorized uniform deductions, and for the difference between the applicable general prevailing wage rate and the rates actually paid;

F.      Award Plaintiffs and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL and IWPCA pursuant to 820 ILCS 105/12, 820 ILCS 130/11, and 820 ILCS 115/14(a);

G.      Award Plaintiffs and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), 820 ILCS 105/12, 820 ILCS 130/11, and 820 ILCS 115/14(a); and

H.      Award Plaintiffs and the Class pre- and post-judgment interest at the statutory rate; and

I.      Order such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all eligible claims and issues.

Dated: December 5, 2016              Respectfully submitted,
/s/ Jorge Sánchez
Jorge Sánchez

Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

11

/s/ Meghan A. VanLeuwen
Meghan A. VanLeuwen

Farmworker & Landscaper Advocacy Project
33 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 784-3541
Counsel for Plaintiffs